IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Midwest Operating Engineers Retirement Enhancement Fund; Operating Engineers Local 150 Apprenticeship Fund; Construction Industry Research and Service Trust Fund; and International Union of Operating Engineers, Local 150, AFL-CIO,<br><br>Plaintiffs,<br><br>v.<br><br>De Graf Brothers, Inc., a dissolved Illinois Corporation and De Graf Concrete Construction, Inc.,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 20-CV-5678 |

## **COMPLAINT**

Plaintiffs, Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Midwest Operating Engineers Retirement Enhancement Fund; Operating Engineers Local 150 Apprenticeship Fund; (collectively "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and the International Union of Operating Engineers, Local 150, AFL-CIO, bring this action to collect delinquent fringe benefit contributions and administrative dues from Defendants, De Graf Brothers, Inc. a/k/a De Graf Concrete Construction, Inc.

## COUNT I - SUIT FOR DELINQUENT CONTRIBUTIONS

### Facts Common to All Counts

1. The Union is an "employee organization" under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a "labor organization" under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant De Graf Brothers, Inc. ("De Graf") is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a dissolved Illinois corporation formerly engaged in the construction industry with its principal office located at 300 Alderman Avenue in Wheeling, Illinois.

3. De Graf identified David W. Krause, Jr. as Registered Agent with the Illinois Secretary of State (Exhibit A).

4. On March 9, 1964 and again on August 24, 1974, De Graf, through an authorized agent, signed Memoranda of Agreements (attached as Exhibit B) with the Union that adopted the terms of a collective bargaining agreement ("CBA") between the Union and the Mid-America Regional Bargaining Association now known as the MARBA Building Agreement (excerpts attached as Exhibit C).

5. Defendant De Graf Concrete Construction, Inc. ("DGC") is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office located at 300 Alderman Avenue in Wheeling, Illinois.

6. DGC identified Michael G. Pirron as Registered Agent with the Illinois Secretary of State (Exhibit D).

7.     On April 11, 2017, DGC, through an authorized agent, signed a Memorandum of Agreement (attached as Exhibit E) with the Union that also adopted the terms of the MARBA Building Agreement CBA (Exhibit C).

8.     Although DGC is a different corporate entity than De Graf, it made contribution payments on behalf of De Graf, thus establishing a relationship between the two companies (Exhibit F).

9.     The CBA and the Agreements and Declarations of Trust incorporated therein require De Graf a/k/a DGC to make fringe benefit contributions to the Funds. The Funds are "employee benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1132(e)(2).

10.    The CBA and Trust Agreements specifically require De Graf a/k/a DGC to:

(a)    Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b)    Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c)    Pay interest to compensate the Funds for the loss of investment income;

(d)    Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e)    Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f)    Furnish to the Funds a bond in an amount acceptable to the Funds.

11.    The CBA also requires De Graf a/k/a DGC to make contributions to CRF. CRF is an "industry wide labor management committee" as that term is defined under Section 302(c)(9)

of the LMRA, 29 U.S.C. § 186 (c)(9). The CBA places the same obligations on De Graf a/k/a DGC with respect to CRF as it does the Funds.

12. The CBA further requires De Graf a/k/a DGC to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where De Graf a/k/a DGC do not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

13. De Graf a/k/a DGC have become delinquent in the submission of its contributions due the Funds and CRF, and administrative dues to the Union. As a result of this delinquency, they owe the Funds and CRF contributions, liquidated damages, interest, liquidated damages, attorneys' fees and any other cost of collection.

### Jurisdiction and Venue

14. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute.

15. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA 29 U.S.C. § 1132(e)(2) because the Funds are administered in Cook County, Illinois.

### Allegations of Violations

16. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

17. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs. 29 U.S.C. § 1132(g)(2) ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds

may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

18. De Graf a/k/a DGC have violated ERISA and breached the CBA and the Trust Agreements because they have failed to timely submit contributions to the Funds and refused to pay liquidated damages and interest that has accrued.

19. The Funds have demanded that De Graf a/k/a DGC make the appropriate contributions, but they have refused and failed to do so (Exhibit G).

20. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by De Graf a/k/a DGC, there is a total of $58,830.11 known to be due the Funds from De Graf a/k/a DGC, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A. Enter judgment in favor of the Funds and against De Graf a/k/a DGC for all unpaid contributions as identified in De Graf a/k/a DGC's contribution reports;

B. Enjoin De Graf a/k/a DGC to perform specifically their obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C. Enjoin De Graf a/k/a DGC at the Funds' option to submit to an audit of their payroll books and records in order to determine whether De Graf a/k/a DGC owe additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require De Graf a/k/a DGC to pay any contributions reasonably estimated to be due by the Funds for the period when De Graf a/k/a DGC failed and refused to timely submit contribution reports;

D. Enter judgment against De Graf a/k/a DGC and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E.  Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at De Graf a/k/a DG's cost.

## COUNT II – SUIT TO COLLECT CRF CONTRIBUTIONS

1-11. CRF re-alleges and incorporates herein by reference paragraphs 1 through 11 of Count I as if fully stated herein.

### Jurisdiction and Venue

12. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

13. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

14. De Graf a/k/a DGC have failed to make timely payment of all contributions acknowledged to be due according to De Graf a/k/a DGC's own contribution reports and the collective bargaining agreement, and De Graf a/k/a DGC have failed to pay interest and liquidated damages required by the CBA. Accordingly, De Graf a/k/a DGC is in breach of its obligations to the CRF under the CBA.

15. CRF has demanded that De Graf a/k/a DGC make the appropriate contributions, but they have refused and failed to do so (Ex. G).

16. That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by De Graf a/k/a DGC, there is a total of $1,808.02 known to be due to CRF from De Graf a/k/a DGC subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A. Enter judgment in favor of the CRF and against De Graf a/k/a DGC for all unpaid contributions as identified in De Graf a/k/a DGC's contribution reports;

B. Enjoin De Graf a/k/a DGC to perform specifically their obligations to CRF, including submission of the required reports and contributions due thereon to CRF in a timely fashion as required by the plans and by ERISA;

C. Enjoin De Graf a/k/a DGC at CRF's option to submit to an audit of their payroll books and records in order to determine whether De Graf a/k/a DGC owe additional sums to CRF, and pay the costs of such an audit; or alternatively at CRF's option require De Graf a/k/a DGC to pay any contributions reasonably estimated to be due by CRF for the period when De Graf a/k/a DGC failed and refused to timely submit contribution reports;

D. Enter judgment against De Graf a/k/a DGC and in favor of CRF for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E. Provide CRF with such further relief as may be deemed just and equitable by the Court, all at De Graf a/k/a DG's cost.

## COUNT III – SUIT TO COLLECT UNION DUES

1-12. The Union re-alleges and incorporates herein by reference paragraphs 1 through 12 of Count I as if fully stated herein.

### Jurisdiction and Venue

13. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

14. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and the Union's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

15. De Graf a/k/a DGC have failed to make timely payment of all administrative dues acknowledged to be due according to De Graf a/k/a DGC's own reports and the CBA. De Graf

7

a/k/a DGC is required to pay liquidated damages by the CBA. Accordingly, De Graf a/k/a DGC is in breach of their obligations to the Union under the CBA.

16. The Union has demanded that De Graf a/k/a DGC make the appropriate contributions, but they have refused and failed to do so (Ex. G).

17. That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by De Graf a/k/a DGC, there is a total of $1,352.45 known to be due to the Union from De Graf a/k/a DGC before the assessment of fees and costs subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

A. Enter judgment in favor of the Union and against De Graf a/k/a DGC for all unpaid contributions as identified in De Graf a/k/a DGC's contribution reports;

B. Enjoin De Graf a/k/a DGC to perform specifically their obligations to the Union, including submission of the required reports and contributions due thereon to the Union in a timely fashion as required by the plans and by ERISA;

C. Enjoin De Graf a/k/a DGC at the Union's option to submit to an audit of their payroll books and records in order to determine whether De Graf a/k/a DGC owe additional sums to the Union, and pay the costs of such an audit; or alternatively at the Union's option require De Graf a/k/a DGC to pay any contributions reasonably estimated to be due by the Union for the period when De Graf a/k/a DGC failed and refused to timely submit contribution reports;

D. Enter judgment against De Graf a/k/a DGC and in favor of the Union for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E. Provide the Union with such further relief as may be deemed just and equitable by the Court, all at De Graf a/k/a DG's cost.

Dated: September 24, 2020 Respectfully submitted,

By:   s/ Steven A. Davidson
      One of the Attorneys for the Plaintiffs

Attorneys for the Funds and CRF:      Attorney for Local 150:

Dale D. Pierson *(dpierson@local150.org)*      Dale D. Pierson *(dpierson@local150.org)*
Steven A. Davidson *(sdavidson@local150.org)*      Steven A. Davidson *(sdavidson@local150.org)*
Institute for Worker Welfare, P.C.      Local 150 Legal Dept.
6140 Joliet Road      6140 Joliet Road
Countryside, IL 60525      Countryside, IL 60525
Ph: (708) 579-6663      Ph: (708) 579-6663
Fx: (708) 588-1647      Fx: (708) 588-1647